MASHETER, DIRECTOR OF HIGHWAYS, *v.* VINY, CLEVELAND
TRUST COMPANY, TRUSTEE, ET AL.

[Cite as Masheter v. Viny et al. (1972),
32 Ohio Misc. 99.]

(Nos. 765747, 765829 and 731378—Decided June 28 1972.)

Common Pleas Court of Cuyahoga County, Probate
Division.

*Mr. Howard Fishkin* and *Mr. Bronis J. Klementowicz,*
assistant attorneys general, for plaintiff.

*Mr. Michael T. Gavin* and *Mr. Eli Manos,* for defendant.

MERRICK, P. J.   Before the court is the motion of the
Cleveland Trust Company, Trustee, in case No. 731378 and
of Myron S. Viny et al., in case Nos. 765747 and 765829, to
consolidate these cases for trial or, in the alternative, to
permit each of the property owners in the cases to be made
parties to the other actions, and the motions of Maple
Heights Development, Inc., NDV Corporation, L & J Realty
Company and CEV Corporation to be named as new par-
ties in each of the aforementioned actions,

The evidence before the court is that Cleveland Trust Company, as Trustee for Louis Viny and his family, acquired certain property along both banks of the Cuyahoga River in the cities of Valley View and Independence which the Viny family is in the process of developing as an industrial park. The Viny family, in the process of development, transferred various parcels in the industrial park to corporations which were wholly owned by members of the Viny family and to Myron and Norton Viny as partners or tenants in common. The state of Ohio, in connection with the construction of Interstate 77 and Interstate 480, has filed three actions in this court to appropriate portions of the industrial park. The evidence before the court is that all of the property described in the affidavit in support of the motions is owned and controlled by the Viny family and has a unity of use even though legal title is in the various entities who have filed motions herein. R. C. 163.09 (E) provides as follows:

"(E) The court may, with the consent of the parties, order two or more cases to be consolidated and tried together, but the rights of each owner to compensation, damages, or both shall be separately determined by the jury in its verdict."

The two actions concerning Myron S. Viny et al, were filed under R. C. Chapter 163, whereas the action of the Cleveland Trust Company, Trustee, was filed under R. C. Chapter 5519. The ninth paragraph of R. C. 5519.02 is substantially the same as subparagraph E under R. C. 163.09. The state relies on these sections to urge upon the court that it may not consolidate these actions for trial without its consent as a party. It is the opinion of the court that the purpose of these sections is not to limit the power of the court, but rather to broaden it. Under R. C. Chapter 2309 and under Rule 42 A of the Rules of Civil Procedure, actions involving unrelated property owners could not be joined. The Legislature has specifically granted the court the discretion to consolidate appropriation cases where different property owners were involved provided all of the parties consented. The moving parties in this case contend that they are one and the same person and that,

therefore, one case should have been brought and all of the parties joined.

In the case of *M. T. M. Realty Company* v. *State of New York*, 261 N. Y. S. 2d 815, the lands involved two family-owned corporations. In ordering the consolidation, the court stated at page 817 as follows:

"While it has been held that the mere conveyance of property by an individual to members of his immediate family does not *ipso facto* constitute unity of ownership sufficient to sustain an award of severance damages, *Kessler* v. *State of New York*, 21 A. D. 2d 568, 251 N. Y. S. 2d 487, the court is satisfied that the corporate entities at bar were truly integrated not only by reason of family ownership but by reason of unity of business purpose and actual practice so as to sustain the court's determination to treat the parcels conveyed by the parent to its wholly owned subsidiary as an integrated unit.

"These factual considerations persuaded the court to grant claimants' motion to consolidate both claims for trial over defendant's objection."

See, also, *The Guptill Holding Corporation* v. *State of New York*, 251 N. Y. S. 2d 766, involving three family owned corporations, and *City of Stockton* v. *Ellingwood*, 275 P. 228, involving contiguous lands owned individually by two brothers but used as a single property.

A similar issue as to consolidation of cases under R. C. 5519.02 was presented to this court in *State* v. *Alvin Construction Company*, 37 O. O. 2d 283. In that case, twelve actions brought against different property owners were consolidated by the court into one action. The evidence brought out that the property owners were working in concert to develop the various parcels owned independently by each property owner for a single apartment complex. The state of Ohio at first agreed to consolidate the actions and then, before journalization, withdrew its agreement. This court, in ordering the consolidation, stated at page 285 as follows:

"These parcels were acquired by the owners and the agreement to combine the properties entered into long before the director of highways determined and had neces-

sary consents as to the location of the highway.
"The rights of de facto owners are to be respected, notwithstanding that the recorded title indicates otherwise. This being an action in rem, the state of Ohio was only required to name the recorded interest holders. On the trial of the case, however, the actual owners of interest may be shown and must be considered to be included in the term, 'owners.'"

The additional fact is present in the *Viny* cases that not only have the owners worked in concert to develop their properties but, in fact, the true owner of the property is one family rather than a group of unrelated individuals. The property owner in an appropriation action is entitled to show the maximum value of his property for all purposes. *Langenau Manufacturing Company* v. *City of Cleveland*, 159 Ohio St. 525. The appropriating body in filing the action makes the decision as to how many cases it will file and whom it shall name as parties. The court is of the opinion that this procedural advantage should not be permitted to defeat the right of the property owner to show the maximum value of his property. The court is also cognizant of the fact that these matters can be handled more expeditiously in one trial rather than three and the valuable time of the court and the litigants will be saved so that all can proceed to other matters.

It is, therefore, ordered that these cases be consolidated for trial to proceed as one case under the title of case No. 731378, *Masheter, Director of Highways,* v. *Cleveland Trust Company, Trustee et al.*

For the reasons stated above, it is also the opinion of the court that Maple Heights Development, Inc., NDV Corporation, L & J Realty Company and CEV Corporation have an interest in the property sought to be appropriated which cannot be protected unless each is named as a party. R. C. 163.01 (C) and R. C. 163.12; Rule 42 A, Rules of Civil Procedure. It is, therefore, ordered that Maple Heights Development, Inc., NDV Corporation, L & J Realty Company and the CEV Corporation be permitted to intervene as parties in these actions; and are given leave to appeal on or before 30 days from the filing of a journal entry carrying this opinion into effect.